# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

December 16, 2013

### LETTER OPINION & ORDER

Tomas Lozada Jr., pro se plaintiff
24 Beacon Street, Apt. 8
Jersey City, NJ 07306

    RE:    **Lozada v. Casale, et al.**
              **Civil Action No. 13-2090 (FSH)**

Dear Litigants:

    Presently before the Court is plaintiff's April 2, 2013, application for pro bono counsel under 28 U.S.C. § 1915(e)(1). Appl. for Pro Bono Counsel, Apr. 2, 2013, ECF No. 2. For the reasons set forth below, plaintiff's request is denied without prejudice.

### Background

    On April 2, 2013, plaintiff filed a Complaint against Anthony Casale, Andrea Genova, and Rosanne Lamolino. Compl., Apr. 2, 2013, ECF No. 1. Plaintiff contends that Casale, in his capacity as Chief of Hudson County Probation Department Child Support Unit ("Probation Department"), violated his civil rights when Casale allegedly breached his duty to assure that employees of the Probation Department did not violate plaintiff's rights. Plaintiff also contends that defendant Casale failed to secure an audit that was ordered by a state court judge. As a result, plaintiff alleges that the refusal to comply with the court order is an "active Ultra Vires Act." See Compl. Form ¶ 4b, Apr. 2, 2013, ECF No. 1.

    Plaintiff also alleges that Andrea Genova, Senior Probation Officer at the Probation Department, refused to perform the audit and provided erroneous information to a state court judge regarding plaintiff's custody of his two daughters. See Compl. Form ¶ 4c, Apr. 2, 2013, ECF No. 1 at 4.

Plaintiff further contends that Rosanne Lamolino, Clerk of Video and Audio at the New Jersey State Superior Court in Hudson County, is withholding evidence in the form of video and audio tapes from a hearing involving plaintiff in June 2011. See Compl. Form ¶ 4, Apr. 2, 2013, ECF No. 1 at 6.

Plaintiff filed an application to proceed in forma pauperis ("IFP") on April 2, 2013. IFP Appl., Apr. 2, 2013, ECF No. 1-3. On that same date, plaintiff filed the instant application for the appointment of pro bono counsel. Appl. for Pro Bono Counsel, Apr. 2, 2013, ECF No. 2. On November 26, 2013, Plaintiff's application to proceed IFP was granted. Order, Oct. 26, 2013, ECF No. 6.

## Discussion

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, the Court considers the framework established in Tabron, 6 F.3d at 155–157. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155). If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but it provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 157–58. Also, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).

2

Although the Court assumes without deciding that Plaintiff's claims have "some merit in fact and law," Plaintiff's application fails to satisfy the Tabron factors for the appointment of pro bono counsel. First, plaintiff has not demonstrated that he will be unable to present his case. When considering a plaintiff's ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. If a plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement. Id. Here, plaintiff is not incarcerated. Additionally, plaintiff does not offer any specific information about his education, but his IFP application states that he has ten (10) years of schooling. IFP Appl. at Question 13, Apr. 2, 2013, ECF No. 1-3. Plaintiff's submissions are cogent, which indicates that he can request relief and express a basis for that relief. Further, plaintiff communicates clearly. Appl. for Pro Bono Counsel at Question 5, ECF No. 2. Although plaintiff handwrote his pro bono application, he typed his complaint and attached documents. See Compl., Apr. 2, 2013, ECF No. 1. Therefore, plaintiff appears to have sufficient resources and ability to pursue his case. Further, plaintiff provides no explanation or clarification in his application as to why he would be unable to present his case. Accordingly, this factor does not favor appointment of counsel.

Second, plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502–03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because plaintiff's factual claims are easy to understand, and the legal issues involved are relatively straightforward. See Bondarenko v. Hackensack Univ. Med. Ctr., No. 07-3753, 2009 WL 2905373, at *3 (D.N.J. Sept. 4, 2009). At this stage of the litigation, the complexity of the legal issues are not yet apparent. See, e.g., Pressley v. E. Dist. Precinct, Civ. No. 09-3215, 2010 WL 988722, at *1 n.3 (D.N.J. Mar. 15, 2010). Also, plaintiff provides no explanation in his pro bono application as to why his claims contain complex legal issues. Accordingly, this factor weighs against plaintiff as his claims do not present complex legal issues at this time.

Third, there is no indication that plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Plaintiff is no longer incarcerated, he appears to have knowledge about significant factual aspects of his claim, and nothing suggests that discovery in this case would be complicated or unduly burdensome. Cf. Tabron, 6 F.3d at 156 (considering the extent that confined parties may face problem when confronted with extensive discovery and compliance with complex discovery rules). If this case proceeds, plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. Additionally, plaintiff provides no explanation in his pro bono application describing why he lacks the ability to conduct factual discovery on his own. Thus, this factor also weighs against appointment of

counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. Here, no defendant has entered an appearance, let alone offered a defense, and thus it is too early to conclude that this case will be "solely" a swearing contest. Accordingly, this factor also weighs against appointment.

Fifth, there is no indication this case will require expert testimony, and thus this factor does not favor appointment.

Sixth, plaintiff's assertions regarding his capacity to retain counsel are insufficient. Plaintiff does not yet have IFP status, and he has not described any efforts to obtain counsel on his own. Plaintiff only states "I hired an attorney . . . but she abandoned me." Appl. for Pro Bono Counsel at Question 4, ECF No. 2. Such an assertion, absent a more detailed explanation as to when and why the attorney purportedly "abandoned" plaintiff, does not tip the sixth Tabron factor in favor of appointing counsel for plaintiff. Further, plaintiff claims that he is "currently disable[d]" and does not "have sufficient money to get by [l]et alone pay the cost of these proceedings." IFP Appl. at Question 12, ECF No. 1-3. Yet plaintiff provides no description of his alleged disability or explanation as to how said disability precludes him from securing counsel. Accordingly, this factor does not favor appointment. Cf. Montgomery, 294 F.3d at 505 (considering IFP status); Parham, 126 F.3d at 461 (stating that there was no evidence plaintiff could have afforded counsel and that he made every effort possible to do so).

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting plaintiff's request for counsel at this time. Therefore, plaintiff's application for the appointment of pro bono counsel is denied without prejudice.

**So Ordered**,

s/*Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE