<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TOMAS LOZADA, JR., | : |
| Plaintiff, | : Civil Case No. 13-2090(FSH) |
| v. | : **OPINION** |
| ANTHONY CASALE, ET AL., | : Date: July 17, 2014 |
| Defendants. | : |

<u>**HOCHBERG, District Judge**</u>;

This matter comes before the Court upon Defendants', Probation Division, Vicinage Chief Probation Officer Anthony Casale, Senior Probation Officer Andrea Genova, and Administrative Specialist Rosanne Lomolino's ("Defendants") motion to dismiss (Dkt. No. 17), pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). This Court has reviewed the submissions of the parties and considered the motion pursuant to Federal Rule of Civil Procedure 78.

   **I.   BACKGROUND**

During Plaintiff's incarceration at Yardville Youth Correctional Facility, he paid child support to his daughter. In 1991, Plaintiff purportedly received a court order providing Rosa Torres with temporary custody of both his daughters, and required him to pay thirty dollars a week in child support.

Once Plaintiff was released from prison, he allegedly filed a motion in New Jersey State Superior Court, in the Family Part, contesting his obligation to pay child support. Plaintiff

maintains that he was given custody of his daughters, and advised the Probation Division that Ms. Torres should have been paying child support to him. Plaintiff maintains that he nevertheless continued paying child support; though; he does not specify whether those payments were for current obligations or arrears. Plaintiff further asserts that the Probation Division failed to acknowledge his payments, and that he was consequently incarcerated numerous times over the years due to his purported failure to pay child support.

By 1997, Plaintiff owed $4,439.00 in arrears, which increased to $6,575.50 as of October 5, 1999. As a result, Plaintiff retained counsel and requested an audit of his probation account. Plaintiff appeared before the Honorable John O'Shaunessy, J.S.C., on August 13, 2010, to request an audit of his probation account. After reviewing Plaintiff's probation account, Judge O'Shaunessy found that Plaintiff owed $5,700.00 in arrears. Following Judge O'Shaunessy's decision, Plaintiff allegedly requested a record of the hearing. Plaintiff alleges that he was not provided with the correct tape.

On April 16, 2012, Plaintiff filed a lawsuit in the Law Division against the Superior Court of New Jersey, Probation Division, Child Support Enforcement Unit. In that lawsuit, much like the instant one, Plaintiff alleged that he was falsely imprisoned and required to pay child support arrears, even though he had not been under any obligation to pay child support. Plaintiff also alleged in the Law Division action that the Probation Division had misplaced his child support payments.

On January 18, 2013, Defendants in the Law Division action filed a motion to dismiss Plaintiff's Complaint. Defendants argued that Plaintiff's claims against Defendants were barred by sovereign immunity and quasi-judicial immunity. Additionally, Defendants argued that Plaintiff's claims were also without merit because Defendants were not "persons" amenable to

suit under 42 U.S.C. §1983 or N.J. Stat. Ann §10:6-1 to -2.[1] Following oral arguments on February 8, 2013, the Honorable Lawrence M. Maron, J.S.C., granted Defendants' motion to dismiss the complaint and denied Plaintiff's motion to amend.

On November 12, 2013, Plaintiff filed the instant lawsuit asserting a claim for the violation of his due process rights, presumably brought under 42 U.S.C § 1983, as well as claims for: theft by deception, alienation, mental cruelty, mental anguish, false imprisonment, abuse of power, contempt, and defamation. Plaintiff seeks: (1) an order from this Court directing the Superior Court of New Jersey, Chancery Division, Family Part ("Family Part") to audit his child support accounts; (2) compensation for false imprisonment due to his alleged failure to pay child support; (3) reimbursement for child support payments; (4) punitive damages; (5) the restoration of his driving privileges which were suspended due to Plaintiff's purported failure to comply with his child support obligations; (6) the termination of all child support liens and garnishments and (7) a restraining order to prohibit the Probation Division from enforcing child support orders against him.

## II. STANDARD OF REVIEW

### a. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), challenges the existence of a federal court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion. *McNutt v. Gen. Mortors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). "Even in cases brought by pro se plaintiffs, the Third Circuit Court of Appeals has affirmed the dismissal of actions, which contain only vague and conclusory allegations. *Gray v. Creamer,* 465

---

[1] N.J. Stat. Ann §10:6-1 to -2 is New Jersey's equivalent of 42 U.S.C §1983.

F.2d 179, 182 n. 2 (3rd Cir. 1972); *see also Rotolo,* 532 F.2d at 922 (approving *Gray* in dictum). However, the Court should consider a plaintiff's pro se status when evaluating the specificity of a complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.,* 559 F.Supp.2d 484, 491 (D.N.J.2008). On a facial attack, "the court must consider the allegations of the complaint as true." *Mortensen,* 549 F.2d at 891. "A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint." *D.G.,* 559 F.Supp.2d at 491.

Upon a factual attack, by contrast, the court need not presume the truth of the allegations and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen,* 549 F.2d at 891. Moreover, when considering a factual challenge to the Court's jurisdiction under Rule 12(b)(1), the Court is "not confined to the allegations in the complaint ... and can look beyond the pleadings to decide factual matters relating to jurisdiction." *Cestonaro v. U.S.,* 211 F.3d 749, 752 (3d Cir.2000) (citing *Mortensen,* 549 F.2d at 891). In doing so, the court should "consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff." *Gould Elecs., Inc. v. United State*s, 220 F.3d 169,176 (3rd Cir. 2000). Nevertheless, for either a facial or factual attack, the burden is on the plaintiff to prove jurisdiction. *McNutt*, 298 U.S. 178, 189 (1936).

4

### b. Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly* relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations omitted) (emphasis in original).

### III.    DISCUSSION

Defendants move to dismiss Plaintiff's Complaint on several grounds. First, Defendants argue that the statue of limitations bars Plaintiff's claims. Second, Defendants argue that this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Third, Defendants argue that they are entitled to Eleventh Amendment immunity because they are not "persons" amenable to suit under 42 U.S.C. § 1983. The Defendants' arguments are considered in turn.[2]

#### a. The Statute of Limitations

Plaintiff asserts a variety of claims against multiple Defendants arising out of the alleged wronging of the Probation Department. Defendants argue that this Court should dismiss Plaintiff's claims for damages because they are barred by the statute of limitations. This Court agrees.

Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued. *Cito v. Bridgewater Twp. Police Dep't,* 892 F.2d 23, 25 (3d Cir.1989). For section 1983 actions in New Jersey, "[T]hat statute is N.J.S.A. 2A: 14–2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." *Brown v. Foley,* 810 F.2d 55, 56 (3d Cir.1987). Therefore, the limitations period for Tomas Lozada's claims is two years. *See also O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006).

---

[2] For the reasons stated below, this Court does not reach several of Defendants' proffered grounds for dismissal, *i.e.*, the *Younger* Doctrine, Prudential Standing, and Quasi-Judicial Immunity.

Defendants argue that Plaintiff's constitutional and tort claims relating to Defendants' alleged wrongdoing accrued on June 14, 2011, when Plaintiff filed a Notice of Tort Claims. Therefore, when Plaintiff filed his Complaint on November 12, 2013, it was more than two years past the accrual date.[3] Plaintiff does not dispute these facts, but submits that since the wrongdoing still exists, the statute of limitations does not bar his lawsuit.[4]

In an effort to overcome the apparent untimeliness of his claims, the Plaintiff seeks to rely upon the "continuing violations theory". The continuing violations theory states, "a plaintiff may pursue a claim for conduct that standing alone would have been untimely as it occurred before the start of the applicable statute of limitations filing period as measured back from the time of the filing of the action." *Muhammad v. NJ Dep't of Corr.*, 396 F. App'x 789 (3d Cir. 2010) (citing *McAleese v. Brennan,* 483 F.3d 206, 218 (3d Cir.2007)). The application of the continuing violations theory may be appropriate in cases in which a plaintiff can demonstrate that the defendant's allegedly wrongful conduct was part of a practice or pattern of conduct in which he engaged both without and within the limitations period. *McAleese v. Brennan*, 483 F.3d 206, 218 (3d Cir. 2007). "'To establish that a claim falls within the continuing violations theory, a plaintiff must do two things': (1) 'he must demonstrate that at least one act occurred within the filing period[,]' and (2) he must establish that the conduct is 'more than the occurrence of isolated or sporadic acts,' i.e., the conduct must be 'a persistent, on-going pattern.'" *McAleese v. Brennan*, 483 F.3d 206, 218 (3d Cir. 2007).

---

[3] The latest date that Plaintiff could have filed within the limitations period was June 14, 2013.

[4] Plaintiff alleges that the Probation Department still did not forward money to his children and/or he has not received an audit of his child support account.

7

Plaintiff fails to establish that Defendants' conduct is more than the occurrence of isolated or sporadic acts.[5] *See McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007) ("It is clear that the three parole denials over the six-year period from 1995 to 2001 are "isolated or sporadic acts" and not "a persistent on-going pattern"). Thus, Plaintiff's attempt to circumvent the statute of limitations falls short. Accordingly, this Court finds that Plaintiff's claims are barred by the Statute of Limitations.

### b. The *Rooker-Feldman* Doctrine

As a separate and alternative ground for dismissing Plaintiff's Complaint, this Court finds that Plaintiff's Complaint is an impermissible attempt to appeal a concluded state court proceeding. Accordingly, pursuant to the *Rooker-Feldman* Doctrine, this Court does not have subject matter jurisdiction to decide the case.

The *Rooker-Feldman* Doctrine "[D]eprives a federal district court of jurisdiction…to review a state court adjudication." *Turner v. Crawford Square Apts. III, L.P.,* 449 F.3d 542 (2006). The *Rooker-Feldman* Doctrine, precludes cases "brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Exxon Mobil Corp. V. Saudi Basic Indus., Inc.,* 554 U.S. 280, 294 (2005). To invoke the *Rooker-Feldman* Doctrine four requirements must be met: "(1) The federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court

---

[5] Although the Plaintiff claims that Probation Department continues to wrong him, the record does not surmise a persistent pattern of wrongdoing, thus, the "continuing violations theory" is not applicable to the instant case.

to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3rd Cir. 2010) *quoting Exxon,* 554 U.S. at 284).

Plaintiff argues that his Complaint should not be dismissed pursuant to the *Rooker-Feldman* Doctrine because the Law Division never provided him with an opportunity to raise federal claims. Plaintiff maintains that the State Court clearly avoided the federal issues, since it did not want to make a ruling on 42 U.S.C. § 1983. However, Plaintiff is mistaken. In Judge Maron's decision, dated February 8, 2013 (Dkt. No. HUD-L-1984012), the Superior Court of New Jersey held that even though the Plaintiff did not specifically make claims pursuant to 42 U.S.C. § 1983, Defendants are not persons subject to liability under either the Federal or New Jersey Civil Rights Act. Thus, Judge Maron made a ruling on 42 U.S.C. §1983. More specifically, In Judge Maron's reasoned analysis, he noted,

> [B]ecause the Hudson County Probation Child Support Division has statutory power to collect money owed, this action constitutes an official act. As the United States Supreme Court held in Will v. Michigan Department of State Police, [491 U.S. 58 (1989)], neither a State nor its officials acting in their official capacities are persons under section 1983. Furthermore, the plaintiff has not established that any action taken by the defendants were outside the scope of their duties. Therefore, even if he Court were to assume that the plaintiff's intent was to file a claim under either section 1983 or the New Jersey Civil Rights Act, the Court finds that the Hudson Country Probation Child Support Division is not a person subject to liability.[6]

---

[6] As a separate and alternative ground for dismissal, Defendants are protected by Eleventh Amendment immunity. Eleventh Amendment immunity extends to state agencies and state officers who act on behalf of the state, and bars recovery for damages in suits brought pursuant to 42 U.S.C. §1983. *See Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 64 (1989). Because Plaintiff has not proven that Defendants were acting outside their official capacities, the Eleventh Amendment provides immunity to the defendants.

9

Additionally, Plaintiff's request to direct an audit of his child support accounts, and to restrain the Probation Division from enforcing child support orders against him, is denied pursuant to the *Rooker-Feldman* Doctrine. On August 17, 2013, after reviewing Plaintiff's child support accounts, Judge O'Shaunessy found that Plaintiff owed $5,700.00 in arrears. Thus, Plaintiff cannot circumvent the State appellate process by using the Federal Courts to review a state court judgment. Therefore, this Court holds, that Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

### IV. CONCLSUION

Plaintiff's Complaint is dismissed because it is barred by the two-year statute of limitations applicable to this case. Additionally, as a separate and alterative ground, Plaintiff's Complaint is dismissed, pursuant to the *Rooker-Feldman* doctrine, because this Court does not have subject matter jurisdiction to decide the case. An appropriate Order shall issue.


s/ Hon. Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.